# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

SEAN COLLINS,

    Plaintiff,

      v.

VALARITY, LLC,

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

SEAN COLLINS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VALARITY, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of Colorado and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Denver, Colorado 80219.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.     Defendant is a national debt collection company with corporate headquarters located at 625 Maryville Centre Drive, Suite 125, St. Louis, Missouri 63141.

8.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt arose out of transactions which were primarily for personal, family, or household purposes.

12. Plaintiff never incurred any debt in connection with a business or commercial activities and, therefore, the debt, if truly an obligation owed by him could have only arisen from a financial obligation for primarily personal, family or household purposes.

13. The debt Defendant is seeking to collect is a consumer debt.

14. Beginning in or around 2011, and continuing through May 2014, Defendant repeatedly and continuously called Plaintiff on his cellular telephone, seeking and demanding payment of an alleged debt.

15. When Plaintiff would answer the phone, Defendant would ask his date of birth, home address as well as other information before they would speak with him about the alleged debt.

16. Plaintiff was reluctant to answer, as he doesn't provide personal information about himself over the telephone.

17. On other occasions when Plaintiff would answer the phone, he would receive a recording that stated, "please wait for the next available representative, thank you," which only served to annoy and aggravate, as Defendant initiated the call but was not prepared to speak when Plaintiff answered.

18. Defendant often would cause Plaintiff's phone to ring several times and then disconnect.

19. It was annoying to hear the telephone ring, answer it and then hear the line disconnected.

20. On another occasion, Defendant's collector did stay on the line, spoke with Plaintiff and threatened that if the debt was not paid, Plaintiff would receive collection calls for the next twenty (20) years.

21. Plaintiff believed the threat based upon the history of Defendant's calls.

22. In an effort to stop the calls sooner, Plaintiff retained counsel. On April 7, 2014, the undersigned notified Defendant in writing that Plaintiff was represented by counsel and to cease all communications. See Exhibit A, April 7, 2014, letter of representation.

23. On April 11, 2014, Defendant received the letter advising Plaintiff

was represented by counsel and to cease communications with him. See Exhibit B, Certified Mail Receipt.

24. Defendant, failed to update its records and persisted in calling Plaintiff, knowing he was represented by counsel and did not want to be contacted.

25. Thereafter, on May 1, 2014, and May 6, 2014, Defendant called Plaintiff's cellular telephone in its attempts to collect a debt, despite knowing he was represented by counsel and did not want to be contacted on the telephone.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

    a. A debt collector violates § 1692c(a)(2) of the FDCPA by communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

b. A debt collector violates §1692c(c) of the FDCPA when a consumer notifies it in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector cease further communication with the consumer, and the debt collector continues to communicate with the consumer.

c. Here, Defendant violated § 1692c(a)(2) of the FDCPA when it called Plaintiff after having been informed that he was represented by counsel.

d. Also, Defendant violated § 1692c(c) of the FDCPA when it continued to communicate with Plaintiff after receiving written notification from Plaintiff that he wanted it to cease contacting him.

## COUNT II

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff over a 3-year period in its attempts to collect a debt, as well as causing his telephone to ring and then hanging up before he had a chance to answer the phone

## COUNT III

    a.    A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

    b.    Here, Defendant violated § 1692e of the FDCPA by falsely claiming that that it would call Plaintiff for the next twenty (20) years if he did not pay the debt.

## COUNT IV

    a.    A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including demanding personal information from Plaintiff and calling him and placing him on hold when he would answer its calls.

WHEREFORE, Plaintiff, SEAN COLLINS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SEAN COLLINS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,
KIMMEL & SILVERMAN, P.C.

Date: July 28, 2014            By: __*/s/ Craig Thor Kimmel*_____
                                          CRAIG THOR KIMMEL
                                          PA Attorney ID# 57100
                                          Kimmel & Silverman, P.C.
                                          30 E. Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888 ext. 148
                                          Fax: (877) 788-2864
                                          Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT